IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATIONAL AMERICAN INSURANCE COMPANY | ) ) ) | |
| V. | ) ) | C.A. NO. 4:15-cv-3080 JURY DEMAND |
| DCP MIDSTREAM OPERATING, LLC D/B/A DCP MIDSTREAM TEXAS OPERATING, LLC and DCP MIDSTREAM, LP | ) ) ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff National American Insurance Company ("NAICO") and files this its Original Complaint and states as follows:

**PARTIES**

1. NAICO is a corporation duly organized and existing under the laws of the state of Oklahoma with its principal place of business located in Chandler, Oklahoma.

2. Defendant DCP Midstream Operating, LLC d/b/a DCP Midstream Texas Operating, LLC is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business located in Denver, Colorado and may be served with process at though its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3. Defendant DCP Midstream, LP is a limited partnership duly organized and existing under the laws of the state of Delaware with its principal place of business located in Denver, Colorado and may be served with process though its registered agent CT Corporation

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 1 of 6**
D/935265v1

System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  Defendants are referred to collectively as ("DCP").

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that NAICO and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Underlying Lawsuit is pending in Harris County.

## FACTUAL BACKGROUND

6. On or about June 22, 2014, NAICO issued to Coy Construction, LLC a Texas Commercial Package Policy, policy number OP48170042, with a policy period of June 22, 2014 to June 22, 2015 (" Primary Policy").  On or around the same time, NAICO issued to Coy Construction, LLC a Texas Excess Policy, policy number OU40200042, with a policy period of June 22, 2014 to June 22, 2015 ("Excess Policy").

7. On or around December 11, 2014, Plaintiffs filed their First Amended Petition in the lawsuit styled *Orlando Martinez, et al v. Midstream Operating, LLC, et al.*; Cause No. 2014-60902; In the 11th Judicial District Court of Harris County, Texas ("Underlying Lawsuit").

8. DCP has asserted that it is entitled to a defense and indemnification for the Underlying Lawsuit as an additional insured under the Policy.

9. A dispute between the parties has arisen regarding whether NAICO has any duty to defend and/or indemnify DCP as a result of the allegations against it in the Underlying Lawsuit.

10. An actual controversy exists between the parties because NAICO believes that it has no obligation to defend and/or indemnify DCP from the allegations in the Underlying Lawsuit whereas DCP has demanded a defense and indemnity and has taken the position that there is coverage under the Primary and Excess Policies for the Underlying Lawsuit.

11. As a result of the coverage dispute herein, NAICO has been required to engage the services of the undersigned to prosecute this lawsuit and has been forced to incur reasonable, necessary and customary attorney's fees and expenses.

## CAUSES OF ACTION

12. NAICO incorporates by reference, as if fully set forth herein, paragraphs 1 through 11, inclusive.

13. In the First Amended Petition, the Plaintiffs allege that Mr. Martinez suffered serious bodily injury when natural gas escaped from a pipeline and ignited burning him.

14. The Primary Policy provides:

### TOTAL POLLUTION EXCLUSION ENDORSEMENT

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART.

Exclusion **f**. under Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**This insurance does not apply to:**

**f.   Pollution**

   **(1)**   "Bodily Injury" or "property damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.

15. The excess Policy provides:

**TOTAL POLLUTION EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL EXCESS LIABILITY COVERAGE PART**

Exclusion **c**. under Paragraph **2. Exclusions** of **Section I – Coverages** is replaced by the following:

Insurance provided under this Coverage Part does not apply to:

**2.**   **Exclusions**

    **c.**   **Pollution**

        **(1)**   "Injury or damage" which would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time;

16. The allegations in the First Amended Petition (live pleading) allege only allegations that Mr. Martinez suffered bodily injury which occurred as a result of the discharge, dispersal, seepage, release or escape of pollutants and therefore all the allegations are specifically excluded.

17. DCP is not the named insured under the Policy and would only qualify for coverage if it qualifies as an additional insured under the Primary and Excess Policies.

18. The Primary Policy provides:

**ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following:

**A.**   **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

    1.   Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

19. The Excess Policy provides:

**COMMERCIAL EXCESS LIABILITY COVERAGE FORM**

\* \* \*

The insurance provided under this Coverage Part will follow the same provisions, exclusions and limitations that are contained in the applicable "controlling underlying insurance", unless otherwise directed by this insurance.

20. The allegations in the First Amended Petition only allege that the negligence of CDP caused the injuries and therefore CDP does not qualify as an insured with respect to the allegations in the Underlying Lawsuit.

21. As a result, NAICO has no duty to defend and/or indemnify CDP as a result of the Underlying Lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff National American Insurance Company respectfully prays that this Honorable Court declare that it has no duty to defend or duty to indemnify CDP for the Underlying lawsuit; that National American Insurance Company has no obligation to pay Plaintiff for any settlement or judgment he may obtain as a result of the Underlying Lawsuit; award National American Insurance Company its reasonable, customary and necessary attorney's fees and expenses incurred in bringing this lawsuit and for such other and further relief this Court may deem just and proper.

Respectfully submitted,

By: /s/ Fred L. Shuchart
  FRED L. SHUCHART
  SBN 18316250
**COOPER & SCULLY, P.C**.
815 Walker St., Suite 1040
Houston Texas 77002
(713) 236-6800
(713) 236-6880 *fax*
**ATTORNEYS FOR PLAINTIFF**
**NATIONAL AMERICAN**
**INSURANCE COMPANY**